**Donald LAKE, Plaintiff—Appellant,**

v.

**LOCKHEED MARTIN CORPORATION; Lockheed Martin Space Mission System and Services; Global Star; Loral Space & Range Systems, Defendants—Appellees.**

No. 01–15013.

D.C. No. CV–99–20627–SW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2002.

Decided May 22, 2002.

Before HAWKINS and SILVERMAN, Circuit Judges, and RESTANI, Judge.*

MEMORANDUM **

The district court properly determined that Appellant was not limited in the major life activity of working. "[T]o be substantially limited from working, 'one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If a host of different jobs are available, one is not precluded from a broad range of jobs.'" *Broussard v. University of California,* 192 F.3d 1252, 1257 (9th Cir.1999) (quoting *Sutton v. United Air Lines Inc.,* 527 U.S. 471, 492, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999)). Presuming

that appellant suffered from post-traumatic stress disorder, the district court properly determined that Appellant's resulting inability to work rotating shifts was a narrow limitation that did not preclude him from a broader class of jobs. We agree with the district court that Appellant did not establish that he was otherwise substantially limited in a major life activity. Summary judgment for Appellee was, therefore, appropriate. The district court did not abuse its discretion in denying Appellant's Rule 56(f) continuance because the evidence sought would not have precluded summary judgment.

AFFIRMED.

---

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

